UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASF CORPORATION, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Plaintiff, | |
| -against- | |
| SCAPPY AUTO BODY ASSOCIATES INC., | CIVIL ACTION NO. 1:22-cv-6740 |
| Defendant. | |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant Scappy Auto Body Associates Inc. ("Defendant") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a corporation organized and existing under the laws of the State of New York, with a principal place of business of 359 Duffy Avenue, Hicksville, New York 11801 on file with the New York Department of State, Department of Corporations. Defendant's service address on file with the New York Department of State, Department of Corporations is 359 Duffy Avenue, Hicksville, New York 11801.

3. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the

Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4. Defendant is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of New York. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in New York.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7. Michigan substantive law governs BASF's claims per Paragraph 9 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8. On or about February 14, 2019, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a

2

minimum purchase requirement of $1,354,500.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing ("Minimum Purchases").

10. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $225,000.00 ("Contract Fulfillment Consideration") in consideration of Defendant satisfying its obligations under the Requirements Agreement.

11. Pursuant to Paragraph 4 of the Requirements Agreement, BASF loaned certain equipment ("Loaned Equipment") to Defendant for its use in conjunction with BASF Refinish Products.

12. Pursuant to Paragraphs 4 and 6 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant fulfilling its Minimum Purchases requirement by purchasing a minimum of $1,354,500.00 of BASF Glasurit and RM Refinish Products, Defendant was to return the Loaned Equipment to BASF or pay BASF the retail value of the Loaned Equipment, as well as refund the Contract Fulfillment Consideration to BASF pursuant to the following schedule:

| Purchases | | Contract Fulfillment Consideration and Equipment Value Refund |
|---|---|---|
| a. | less than two years subsequent to the Effective Date | 100% |
| b. | (Up Front Investment) – {(Ref Purchases/MPR) x (Up Front Investment)} | Variable% |

### *Defendant's Breach of the Requirements Agreement*

13. Despite Defendant's express contractual obligation to fulfill 100% of its requirements for Refinish Products with BASF Refinish Products until Defendant had satisfied its $1,354,500.00 Minimum Purchases requirement, BASF came to learn that Defendant was

3

purchasing Refinish Products from BASF's competitor, and had been doing so since the February 14, 2019 effective date of the Requirements Agreement.

14. By purchasing Refinish Products from one of BASF's competitors and thus failing to fulfill one hundred percent of its requirements for Refinish Products with BASF Refinish Products purchased from a BASF authorized distributor prior to fulfilling its $1,354,500.00 Minimum Purchases requirement, Defendant breached and ultimately terminated the Requirements Agreement.

15. Defendant has not purchased a minimum of $1,354,500.00 of BASF Refinish Products. As of the date of this filing, Defendant has purchased only approximately $76,701.00 in BASF Refinish Products, leaving a purchase balance due and owing of $1,277,799.00.

16. Pursuant to the schedule set forth in Paragraph 6 of the Requirements Agreement, Defendant is required to refund $212,258.90 of the Contract Fulfillment Consideration to BASF [($225,000.00) – {($76,701.00/$1,354,500.00) x ($225,000.00)}].

17. Moreover, Defendant has refused to return the Loaned Equipment, which has a value of $35,000.00, to BASF.

18. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

19. By letter dated June 27, 2022, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the unearned Contract Fulfillment Consideration and payment for the value of the Loaned Equipment. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

20. Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

## COUNT I

### Breach of Contract

21. BASF incorporates by reference the allegations contained in the above paragraphs.

22. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $1,354,500.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, at suggested refinish pricing.

23. Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant failed and refused to fulfill 100% of its requirements for Refinish Products exclusively with BASF Refinish Products, meet the Minimum Purchases requirements under the Requirements Agreement, or pay BASF the amounts due and owing thereunder.

24. A purchase balance of at least $1,277,799.00 remains outstanding under the terms of the Requirements Agreement.

25. Because of Defendant's breach without legal excuse, and pursuant to Paragraphs 3 and 6 of the Requirements Agreement, Defendant is obligated to refund $212,258.90 of the Contract Fulfillment Consideration to BASF.

26. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

    a. $212,258.90 for the Contract Fulfillment Consideration refund;

   b. $1,277,799.00 for the remaining balance of the Minimum Purchases requirement; and

   c. $35,000.00 for the Loaned Equipment.

  27. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

  28. As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $1,525,057.90.

  **WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial but not less than $1,525,057.90, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II

### Unjust Enrichment

  29. BASF incorporates by reference the allegations contained in the above paragraphs.

  30. Through BASF's business relationship with Defendant, Defendant received the benefit of the Contract Fulfillment Consideration and Loaned Equipment provided by BASF in anticipation of the parties' continued business relationship.

  31. Defendant prematurely terminated the parties' business relationship but Defendant has failed to return the unearned $212,258.90 Contract Fulfillment Consideration or the Loaned Equipment to BASF.

32. BASF expected remuneration in the sum of $212,258.90 for the unearned Contract Fulfillment Consideration and return of the Loaned Equipment. Defendant's failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Defendant.

33. Permitting Defendant to retain the benefit of the $212,258.90 unearned Contract Fulfillment Consideration and the $35,000.00 Loaned Equipment, when Defendant prematurely terminated its business relationship with BASF, would be unequitable and unjust to BASF.

34. By reason of the foregoing, Defendant has been unjustly enriched by $247,258.90 for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant awarding an amount to be determined at trial but not less than $247,258.90, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III

### Declaratory Relief

35. BASF incorporates by reference the allegations contained in the above paragraphs.

36. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

37. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF

disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

38. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

39. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $1,525,057.90, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: August 8, 2022

Respectfully submitted,

By: */s/ Caroline C. Marino*
Caroline C. Marino (CM7475)
cmarino@leaderberkon.com
Leader Berkon Colao & Silverstein LLP
630 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 486-2400

Fax: (212) 486-3099

*Attorneys for Plaintiff
BASF Corporation*